Cornelius J. WOLF, Plaintiff and Appellee, v. H. A. THIBERGE PRINTING COMPANY, Ltd., Defendant and Appellant.

No. 16016.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

Oliver S. Livaudais, of New Orleans, for appellant.

Henry L. Garland, of New Orleans, for appellee.

WESTERFIELD, Judge.

The defendant appeals from a judgment awarding a former employee $232.31, the amount of wages claimed to be due him. The suit is defended upon the ground that the sum claimed represents an advance in wages which the defendant agreed to pay to plaintiff shortly after the enactment of the National Recovery Act (48 Stat. 195) and conditioned upon profitable operation, which was confidently expected to result from the adoption of a "code of fair competition for the graphic arts and industries."

The only difference between the parties to this litigation is upon the question of whether the amounts claimed as salary were to be unconditionally paid or not; the defendant insisting that it was not to be paid unless the company earned money, which it did not do. On the issue of fact thus presented, the court below found for the plaintiff. In addition to the respect due its judgment upon a question of fact, there is in the record the admission of the defendant's managing officer and its bookkeeper that the increased amount of wages was credited to the account of plaintiff on the defendant's books. More than that, when the plaintiff quit the defendant's employ and demanded the accumulated salary, Mrs. Thiberge, secretary and treasurer of defendant company, offered to pay him $5 per month on account. She says: " * * * I said I would pay it if I was out of the hole and I could scrape up that much, but I couldn't pay any more; if we made any profits he would have got paid, but we didn't make any in 1933, we lost. Everybody thought the N. R. A. would do wonders, and if I made it I would be willing to pay him the extra money; I haven't paid taxes since 1931."

She claims that she would rather pay this small sum monthly than be sued and perhaps would, but we find it inconsistent with the defense to the effect that no sum was due plaintiff unless and until the defendant company made a profit.

Our conclusion is that the judgment appealed from is correct, and it is therefore affirmed.

Affirmed.